FILED
2021 Apr-01  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
2/18/2021 9:55 AM
58-CV-2021-900092.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>58<br><br>Date of Filing:<br>02/18/2021 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
### DEMETRIA CASTER v. REGIONAL ACCEPTANCE CORPORATION ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☑ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| WAT056 | 2/18/2021 9:55:27 AM | /s/ JOHN GRIFFIN WATTS |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO



ELECTRONICALLY FILED
2/18/2021 9:55 AM
58-CV-2021-900092.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| **DEMETRIA CASTER,** | ) | |
| **an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **REGIONAL ACCEPTANCE** | ) | |
| **CORPORATION;** | ) | |
| **EQUIFAX, INC.;** | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC;** | ) | |
| **TRANS UNION, LLC;** | ) | |
| **Fictitious Defendants "A", "B" and** | ) | |
| **"C" thereby intending to refer to** | ) | |
| **the legal entity, person, firm or** | ) | |
| **corporation which was responsible** | ) | |
| **for or conducted the wrongful acts** | ) | |
| **alleged in the Complaint; Names of** | ) | |
| **the Fictitious parties are unknown** | ) | |
| **to the Plaintiff at this time but will** | ) | |
| **be added by amendment when** | ) | |
| **ascertained** | ) | |
| | ) | |
| **Defendants.** | ) | |

## **COMPLAINT**

1.      This action arises out of repeated violations of the of the Fair Credit Reporting

Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]) by **Regional Acceptance**

**Corporation**, **Equifax**, **Experian**, and **Trans Union**, in their illegal efforts to

collect and/or credit report against **Plaintiff** on a debt that **Plaintiff** does not owe.

2. The **Plaintiff** was sued by **Regional** for a debt.

3. **Plaintiff** settled with **Regional** and **Regional** dismissed the case with prejudice.

4. But **Regional** continued to report a balance due and owing when nothing more was owed.

5. **Plaintiff** then disputed the false account on her credit reports directly with the three credit reporting agencies (**Equifax, Experian** and **Trans Union**) but **all Defendants** refused to delete this account or show it as a zero balance owed and instead **all Defendants** continued to report a variety of false information about **Plaintiff**.

## JURISDICTION

6. Personal jurisdiction exists over **Defendants** as they have the necessary minimum contacts with the State of Alabama and this suit arises out of their specific conduct with **Plaintiff** in Alabama. All the actions described in this suit occurred in Alabama.

## VENUE

7. Venue is proper as **Plaintiff** lives in this judicial district, the events took place in this judicial district, and the **Defendants** do business in this judicial district.

## PARTIES

8.     Plaintiff  **Demetria Caster** (hereinafter "**Plaintiff**" or "**Caster**") is a natural person who is a resident of this judicial district in Alabama and is a "consumer" as defined by the FDCPA.

9.     **Regional Acceptance Corporation**, ("**Regional**") is a foreign firm that is a "furnisher" under the FCRA.

10.    **Equifax, Inc.** ("**Equifax**") is a foreign company that is a "consumer reporting agency" under the FCRA.

11.    **Experian Information Solutions, Inc.** ("**Experian**") is a foreign company that is a "consumer reporting agency" under the FCRA.

12.    **Trans Union, LLC** ("**Trans Union**") is a foreign company that is a "consumer reporting agency" under the FCRA.

13.    **Fictitious Defendants "A", "B" and "C"** thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

14.    Any reference to any **Defendant** refers to that **Defendant** as well as the **Fictitious Defendants**.

3

### Regional Acceptance Sues Caster and Then Settles With Caster

### And Dismisses the Case *With* Prejudice

15. On **September 15, 2017**, **Regional** sued **Demetria Caster** in the Small Claims Court of Shelby County, Alabama, with a case number of 58-SM-2017-901213.00.

16. The amount sued for was $4,755.78 plus interest, attorney fees, costs and other relief.

17. On **October 22, 2018**, **Regional Acceptance** and **Caster** entered into Stipulation of the Parties where **Caster** agreed to pay $3,000 in $500 monthly payments beginning November 10, 2018, until the full $3,000 was paid.

18. **Caster** paid the $3,000 settlement amount in full.

19. Because **Caster** owed no money to **Regional**, on **May 21, 2019**, **Regional** filed a "Motion To Dismiss" seeking to dismiss the case <u>with</u> prejudice.

20. On **May 24, 2019**, the Honorable Daniel A. Crowson, Jr. dismissed the case with prejudice.

21. The credit reporting should have either been deleted or shown a zero balance.

22. As of May 2019, there was no debt owed.

23. The debt had been resolved and paid.

24. With no debt owed, there could be no balance owed.

25. There could be no further "charge off" status after the debt was paid.

4

**All Defendants Continue To Falsely Credit Report Even After Plaintiff**

**Requested That Each Defendant Stop Its False Credit Reporting**

**Background on Credit Reporting**

26.  Credit reporting is a fact of modern life.

27.  **Plaintiff**, like other consumers in America, has no choice on whether private companies such as **Equifax**, **Experian** and **Trans Union** maintain and sell credit reports on **Plaintiff** to other companies typically known as "users" of credit reports.

28.  **Plaintiff** has no choice in whether companies such as **Regional** (a "furnisher" of information) credit report to companies such as **Equifax**, **Experian** and **Trans Union** about **Plaintiff**.

29.  **Plaintiff's** sole comfort is to know that any such credit reporting must be done accurately and completely.

30.  Consumer reporting agencies such as **Equifax**, **Experian** and **Trans Union** are not allowed to report false information.

31.  And they are not allowed under the law to report incomplete information.

32.  Furnishers of information, such as **Regional**, are required to report only accurate and complete information.

33.  Congress passed the FCRA and specifically stated in Section 1681(a)(4) that "There is a need to insure that consumer reporting agencies exercise their **grave responsibilities** with fairness, impartiality, and a respect for the consumer's right to privacy." (Emphasis added).

34.  Consumer reporting agencies such as **Equifax**, **Experian** and **Trans Union** are notorious for treating their responsibilities in a flippant manner instead of treating them as "grave responsibilities" as required by the FCRA.

### The Dispute Method Of Correcting False Or Incomplete Information

35.  When a consumer, such as **Plaintiff**, realizes there is false information on credit reports, **Plaintiff** has the right to dispute this with **Equifax**, **Experian** and **Trans Union**.

36.  The consumer simply disputes (verbally by phone, online, by fax, or by mail) to **Equifax**, **Experian** and **Trans Union** and requests an investigation of the account ("tradeline" in the industry jargon) so that the account will be corrected or deleted.

37.  If the account, such as the **Regional** account, is no longer owed then the only solutions are to delete it or to show it as a zero balance as of the date it was paid and no longer report negative information after the account was paid as **Plaintiff** as of that date does not owe any money to **Regional**.

38. When a consumer reporting agency receives a dispute from a consumer, it has three choices.

39. First, it can reasonably deem the dispute as "frivolous" and notify the consumer within five business days.

40. Second, it can delete the account without an investigation.

41. Third, and this is the most common, the consumer reporting agency will notify the furnisher of the information within five business days by sending a copy of the dispute to the furnisher.

42. If the consumer reporting agency does not notify the furnisher as required by the FCRA, this is a violation of the FCRA by the consumer reporting agency.

43. The third choice results in <u>both</u> the consumer reporting agency and the furnisher <u>each doing its own reasonable investigation</u> into the dispute and requires <u>both</u> <u>entities</u> to examine all information each entity has or can reasonably obtain to assist in the investigation.

44. Each entity, the consumer reporting agency and the furnisher (if notified by the consumer reporting agency) must correct inaccurate or incomplete information or delete the account if the account is found to be inaccurate or incomplete or cannot be verified for accuracy.

## Plaintiff Disputes Online But The False Information

## Is Not Corrected Or Deleted

45. **Caster** disputed with at least **Defendant Experian** the false credit reporting of the Regional Acceptance account.

46. **Defendant Experian** promptly notified Defendant Regional Acceptance as required under the FCRA of the dispute.

47. Alternatively, **Defendant Experian** failed to notify Defendant Regional Acceptance within the time limits required by the FCRA.

48. The **Defendant Regional Acceptance** account was still reported as a current balance owed and a monthly charge off after the debt was paid off.

49. Even though the debt no longer existed and the case suing on the debt was dismissed with prejudice.


## Caster Realizes Online Disputes Will Not Fix The Errors

## So Caster Sends In Written Disputes By Certified Mail

50. On August 4, 2020, **Caster** sent to **Defendant Experian**, **Defendant Equifax**, and **Defendant TransUnion** a written dispute letter[1].

51. The dispute letter was two pages and contained 28 pages of enclosures.

---

[1] The letter was also addressed to Innovis but Innovis after investigating stated there was no such account on **Plaintiff's** credit report.

8

52. **Defendant Experian** received the letter on August 10, 2020, with USPS # 9414811898765822949098.  [See Exhibit F].

53. **Defendant Equifax** received the letter on August 10, 2020, with USPS # 9414811898765822949067. [See Exhibit G].

54. **Defendant TransUnion** received the letter on August 11, 2020, with USPS # 9407111898765822949082. [See Exhibit H].

55. **Defendant Experian** promptly notified **Defendant Regional Acceptance** as required under the FCRA of the dispute.

56. Alternatively, **Defendant Experian** failed to notify **Defendant Regional Acceptance** within the time limits required by the FCRA.

57. **Defendant Equifax** promptly notified **Defendant Regional Acceptance** as required under the FCRA of the dispute.

58. Alternatively, **Defendant Equifax** failed to notify **Defendant Regional Acceptance** within the time limits required by the FCRA.

59. **Defendant TransUnion** promptly notified **Defendant Regional Acceptance** as required under the FCRA of the dispute.

60. Alternatively, **Defendant TransUnion** failed to notify **Defendant Regional Acceptance** within the time limits required by the FCRA.

61. As this knowledge is only know to the **Defendants Equifax, Experian and Trans Union, Plaintiff** has pled it alternatively as is **Plaintiff's** right under the Alabama Rules of Civil Procedure.

## All Defendants Do An Investigation That Violates The FCRA As Each Investigation Was Done Negligently And Intentionally Or Recklessly Or In Wanton Disregard Of Caster And The FCRA

62. The dispute was very simple – no money was owed but there was reported that a balance owed.

63. **Defendant Regional Acceptance** knew the settlement had been paid and nothing more was owed.

64. For **Defendant Experian, Defendant Equifax**, and **Defendant TransUnion**, they could see in the dispute letter that the case was dismissed <u>with</u> prejudice.

65. **All Defendants** knew then and know today (or should have known) that a dismissal <u>with</u> prejudice is an adjudication on the merits and that this means no money is owed as of the date of the dismissal.

66. **All Defendants** understood then and understand now that if no money is owed, there can be no balance and negative monthly information cannot be reported <u>after</u> the account was settled and dismissed with prejudice.

67.   This is not a difficult concept for anyone to understand – if you pay off a debt, you owe nothing.

68.   When you pay off a house mortgage, you don't owe anything.

69.   When you pay off a car loan, you owe nothing on the car.

70.   When you owe nothing, you cannot be late <u>after</u> you owe nothing.

71.   Even the consumer reporting agencies **Equifax, Experian and Trans Union** knew these simple concepts.

72.   Even **Regional** knew these as well.

73.   But these simple concepts were ignored, intentionally, by **all Defendants**.

74.   **No Defendant** deleted this account.

75.   **No Defendant** changed the balance to zero.

76.   **No Defendant** stopping the monthly reporting after the debt was paid in May 2019.

77.   **No Defendant** would update the status to show this was a paid or settled account but instead continued to falsely report the status as a charge off.

78.   **No Defendant** took seriously the dispute letter when it said, "Last year on May 24, 2019 the judge dismissed the case with prejudice. So please delete the account and delete the balance owed. As of that date I owed nothing on this, and still owe nothing on it. Since Regional Acceptance wants to do false credit reporting as I'm looking to buy a home, please delete this false

information including this account. I do not owe any debt to Regional Acceptance Corporation."

79. **No Defendant** changed the balance to zero to reflect that no debt was owed.

80. Instead, **all Defendants** kept the false credit reporting and false balance every month since May 2019 on the credit reports of **Caster**.

81. **No Defendant** contacted the Shelby County Court to see if the materials submitted by **Caster** were legitimate and correct.

82. **No Defendant** contacted the collection counsel for **Defendant Regional** to see if the case was truly dismissed with prejudice and that no further money was owed by **Caster** to **Defendant Regional**.

83. **Defendant Experian, Defendant Equifax**, and **Defendant TransUnion** did nothing other than ask **Defendant Regional** if its reporting was correct.

84. This falls woefully short of the requirements of the FCRA for the credit bureau **Defendants** to do a reasonable investigation.

85. And it is not known if **Defendant Experian** even contacted **Defendant Regional** as **Defendant Experian** did not ever send **Caster** the results of investigation and denied to **Caster** in a phone call that it ever received **Caster's** dispute despite the certified mail record.

86.    **Defendant Equifax** responded on **August 14, 2020** and stated that "This creditor has verified to OUR company that the balance is being reported correctly."

87.    **Defendant Equifax** showed monthly charge offs <u>after</u> the account was settled and nothing more was owed.

88.    **Defendant Equifax** showed a balance due of $2,893 even though no money was owed as the case was settled and dismissed in May 2019.

89.    **Defendant Equifax** shows the date of last payment as May 2019 but shows the "actual payment amount" to be zero.

90.    **Defendant Equifax** shows the status to be charge off when the status should reflect the account was settled and nothing more was owed.

91.    A consumer account cannot be charged off <u>after</u> it is paid – there is nothing more owed and so it is impossible to be late in the months following the payment of the debt.

92.    **Defendant Trans Union** responded with the results of its investigation on **August 18, 2020** and stated "We investigated the information you disputed and updated:  **Not specified**.  Here is how this item appears on your credit report following our investigation."

93.    **Defendant Trans Union** showed the balance as $2,893 when none was owed.

94. **Defendant Trans Union** showed the payment status as ">Charge Off<" when the payment status was actually paid or settled.

95. **Defendant Trans Union** showed charge offs for months and months <u>after</u> the account was settled and nothing more was owed.

96. A consumer account cannot be charged off <u>after</u> it is paid – there is nothing more owed and so it is impossible to be late in the months following the payment of the debt.

97. As mentioned above, **Defendant Experian** refused to send **Plaintiff** results of investigation and even claimed by phone that no dispute had been received which is a false statement.

98. **All Defendants – Regional, Equifax, Experian and Trans Union –** continue to report the false information including the balance, status, monthly charge offs or other lates <u>after</u> the debt was paid.

99. These **Defendants** know what they are doing is illegal and is false credit reporting, but they are continuing to report this way in an effort by **Regional** to collect money that is not owed, and the **Defendants Equifax, Experian and Trans Union** are in on this scam to help their customer **Regional** to extort money from **Plaintiff**.

100. If any of the **Defendants** had performed even a negligent investigation, it is more likely than not that this false account would have been removed.

14

101.  Even a negligent, careless, and inept investigation would have resulted in a deletion as it is hard to imagine an easier investigation than saying, "The Judge ruled that the case is dismissed so at a bare minimum we must report that balance as zero as of May 2019 and stop reporting false information after that date."

102.  It is disappointing, but typical, that **no Defendant** would even perform an inept investigation.

103.  Certainly a reasonable (non-negligent) investigation by **each Defendant** would have absolutely resulted in a deletion or at least a zero balance as of May 2019.

104.  Instead of a reasonable investigation, the **Defendants** have a policy, procedure, practice, custom, and habit of recklessly and intentionally refusing to investigate legitimate disputes.

105.  This is what happened here.

106.  The **Defendants Equifax**, **Experian** and **Trans Union** have argued vigorously in recent years that they are incapable of doing disputes if a legal case could possibly determine the rights between the furnisher and the consumer.

107.  This is and has been a bogus argument and is not supported by the text of the FCRA.

108.  This case is a perfect example of the hypocrisy of the consumer reporting agencies such as **Equifax**, **Experian** and **Trans Union**.

109. Here, the furnisher (**Regional**) and consumer (**Plaintiff Caster**) had a dispute over whether debt was owed.

110. Had **Plaintiff** disputed <u>before</u> the collection lawsuit was filed and then dismissed, **Equifax**, **Experian** and **Trans Union** would have gone ballistic if **Plaintiff** sued after the **Regional** account was kept.

111. They would argue "This is a legal dispute, and we can't determine the rights – you have to go to court to get a ruling!"

112. But here there was a court case.

113. There was a ruling.

114. The ruling was an adjudication on the merits – a dismissal <u>with</u> prejudice.

115. **Plaintiff** does not owe any money to **Regional** after May 24, 2019.

116. This was submitted to **Equifax**, **Experian** and **Trans Union**.

117. Each company -- **Equifax**, **Experian** and **Trans Union** as well as **Regional** – could easily have read the complaint and order from the District Court in Shelby County.

118. But they chose not to.

119. **Equifax**, **Experian** and **Trans Union** chose not to because in reality <u>all they are capable of doing is to perform like a bird and parrot back whatever the furnisher tells them</u>.

120. This is not a situation where they are trying their best and are just not capable of meeting the requirements of the law.

121. If this was the case, it would be sad, and they should simply stop doing this type of business.

122. Instead, this is a situation where **Equifax**, **Experian** and **Trans Union** have voluntarily and deliberately chosen to make themselves incompetent as they have no desire to properly investigate disputes.

123. The same is true for **Regional** who is required to do a reasonable investigation upon notification from the consumer reporting agencies of a dispute.

124. **Equifax**, **Experian** and **Trans Union** have refused to invest the time, money, and effort to actually carry out their federally mandate duties of investigation.

125. **Regional** has done the same by refusing to invest the time, money, and effort to actually carry out its federally mandate duties of investigation.

126. **Equifax**, **Experian** and **Trans Union** have each abdicated the required investigation to merely repeating whatever the furnisher says.

127. Here, **Regional** as the furnisher, has also refused to properly investigate as required by the FCRA.

128. The reason is as long as **Regional** keeps false information on credit reports, then it could get paid by consumers like **Plaintiff** on debts not owed.

129. Keeping negative accounts on a credit report is terribly damaging from both a scoring perspective (Vantage and FICO) and from an underwriting perspective for loans.

130. Consumers are often forced to pay debts they do not owe simply to qualify for a loan or pass a background screening check etc.

131. **Regional** files suits each year in Alabama and knows exactly what it means when it dismisses a case with prejudice after a settlement, but it has decided, at the highest levels, to keep false accounts on credit reports to extort money out of consumers such as **Plaintiff** either by refusing to investigate or purposely setting up their business so that they are incompetent when it comes to investigating credit report disputes.

132. **Equifax**, **Experian** and **Trans Union** also understand the effect of a dismissal <u>with</u> prejudice and understand how the account cannot remain on the consumer's credit report with a balance and treated as if there was still a debt owed.

**<u>Damages Suffered By Plaintiff Due To The Actions Of Defendants</u>**

133. **Plaintiff** has suffered actual damages as a result of these illegal actions by each and every Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, damage to credit (including turn downs), economic loss, as well as

suffering from unjustified and abusive invasions of personal privacy. All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

134. All actions (and omissions) by any employee or agent of each Defendant were taken in the line and scope of such employment or agency relationship.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 et seq.**
**DEFENDANTS REGIONAL, EQUIFAX, EXPERIAN, AND TRANS UNION**

135. **Defendant Equifax** is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

136. **Defendant Experian** is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

137. **Defendant Trans Union** is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

138. **Plaintiff's** credit reports from **Equifax, Experian** and **Trans Union** were accessed and the false information about **Regional's** account was published

to third parties before the disputes and after the results of investigations from **Plaintiff's** disputes to **Equifax**, **Experian**[2] and **Trans Union**.

139. **Plaintiff** notified **Defendant Experian** directly of a dispute on the Regional account's completeness and accuracy.

140. **Defendant Experian** properly notified **Regional** of the dispute as required by the FCRA.

141. Alternatively, **Defendant Experian** did not properly notify **Regional** of the dispute as required by the FCRA and this violates 15 U.S.C. § 1681i.

142. **Defendant Experian** failed to investigate, failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate **Plaintiff's** disputes in violation of 15 U.S.C. § 1681i and this was done negligently and/or wantonly and/or willfully.

143. **Plaintiff** alleges that at all relevant times **Defendant Experian** failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of **Plaintiff's** credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

---

[2] **Defendant Experian** refused to send **Plaintiff** the results of investigation, but it is clear that *if* **Defendant Experian** did an investigation it was done wrongfully in violation of the FCRA as the false information was not corrected or deleted.  And if **Defendant Experian** did *no* investigation, then it violated all of its obligations under the FCRA when presented with a consumer dispute.

144.  **Plaintiff** notified **Defendant Equifax** directly of a dispute on the Regional account's completeness and accuracy.

145.  **Defendant Equifax** properly notified **Regional** of the dispute as required by the FCRA.

146.  Alternatively, **Defendant Equifax** did not properly notify **Regional** of the dispute as required by the FCRA and this violates 15 U.S.C. § 1681i.

147.  **Defendant Equifax** failed to investigate, failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate **Plaintiff's** disputes in violation of 15 U.S.C. § 1681i and this was done negligently and/or wantonly and/or willfully.

148.  **Plaintiff** alleges that at all relevant times **Defendant Equifax** failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of **Plaintiff's** credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

149.  **Plaintiff** notified **Defendant Trans Union** directly of a dispute on the **Regional** account's completeness and accuracy.

150.  **Defendant Trans Union** properly notified **Regional** of the dispute as required by the FCRA.

151.  Alternatively, **Defendant Trans Union** did not properly notify **Regional** of the dispute as required by the FCRA and this violates 15 U.S.C. § 1681i.

152.  **Defendant Trans Union** failed to investigate, failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate **Plaintiff's** disputes in violation of 15 U.S.C. § 1681i and this was done negligently and/or wantonly and/or willfully.

153.  **Plaintiff** alleges that at all relevant times **Defendant Trans Union** failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of **Plaintiff's** credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

154.  **Regional** is a "furnisher" under the FCRA as it furnishes information to one or more consumer reporting agencies.

155.  **Regional** was properly notified of **Plaintiff's** disputes.

156.  **Regional** refused to properly investigate as required by the FCRA.

157.  **Regional** knew it was reporting false information in violation of the FCRA but refused to correct this by deleting the false information and the account if it would not correct the false credit reporting.

158.  **Plaintiff** alleges that **Defendants Regional, Equifax, Experian and Trans Union** failed to conduct a proper and lawful reinvestigation.

159. All actions taken by the **Defendants Regional, Equifax, Experian and Trans Union** were done with negligence.

160. All actions taken by the **Defendants Regional, Equifax, Experian and Trans Union** were done with malice, were done willfully, and were done with either the desire to harm **Plaintiff** and/or with the knowledge that their actions would very likely harm **Plaintiff** and/or that their actions were taken in violation of the FCRA and/or that they knew or should have known that their actions were in reckless disregard of the FCRA.

161. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

162. All actions of **Defendants Regional, Equifax, Experian and Trans Union** have proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, Plaintiff** prays that judgment

be entered against **each and every Defendant** for all damages allowable (including

statutory, actual, compensatory, nominal and punitive), costs, expenses, attorney

fees, injunctive relief to prevent further violations, and for such other and further

relief as may be just and proper.

Respectfully Submitted,

**/s/ John G. Watts**
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

## PLAINTIFF DEMANDS A TRIAL BY JURY

DOCUMENT 2

**Serve defendants via certified mail at the following address:**

**Equifax, Inc.**
c/o Prentice Hall Corporation System Inc.
641 South Lawrence Street
Montgomery, AL 36104

**Experian Information Solutions, Inc.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**Regional Acceptance Corporation**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**Trans Union, LLC**
c/o Prentice Hall Corporation System Inc.
641 South Lawrence Street
Montgomery, AL 36104

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2021-900092.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
### DEMETRIA CASTER V. REGIONAL ACCEPTANCE CORPORATION ET AL

**NOTICE TO:** TRANS UNION, LLC, C/O PRENTICE HALL CORP 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DEMETRIA CASTER pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

~~02/18/2021~~ 2/23/2021                   /s/ MARY HARRIS                   By:
*(Date)*                                              *(Signature of Clerk)*                         *(Name)*

☑ Certified Mail is hereby requested.                   /s
                                                          /s

**RETURN**

☐ Return receipt of certified mail received in this office

☐ I certify that I personally delivered a copy of this Summons

*(Name of Person Served)*

Alabama on _____
                              *(Date)*

_____
*(Type of Process Server)*          *(Server's Signature)*

                                        *(Server's Printed Name)*

**58-CV-20**
DEMETRIA CASTER V. REGIONAL

| C001 - DEMETRIA CASTER | v. | D004 - TRANS UNION, LLC |
| --- | --- | --- |
| *(Plaintiff)* | | *(Defendant)* |

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL US

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2021-900092.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA**
**DEMETRIA CASTER V. REGIONAL ACCEPTANCE CORPORATION ET AL**

**NOTICE TO:** EXPERIAN INFORMATION SOLUTIONS, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
   this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DEMETRIA CASTER
   pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

~~02/18/2021~~  2/23/2021                /s/ MARY HARRIS              By:
*(Date)*                                *(Signature of Clerk)*              *(Name)*

☑ Certified Mail is hereby requested.        /s/ JOH

*(Plaintiff*

**RETURN ON**

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of this Summo

                                    in
*(Name of Person Served)*

Alabama on
                    *(Date)*

*(Type of Process Server)*        *(Server's Signature)*

                                *(Server's Printed Name*

**58-CV-2021-9**
DEMETRIA CASTER V. REGIONAL AC

C001 - DEMETRIA CASTER                    v.        D003 - EXPERIAN INFORMATION SOLUTIONS, INC.
*(Plaintiff)*                                        *(Defendant)*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2021-900092.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA**
**DEMETRIA CASTER V. REGIONAL ACCEPTANCE CORPORATION ET AL**

**NOTICE TO:** EQUIFAX, INC., C/O PRENTICE HALL CORP 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DEMETRIA CASTER pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

~~02/18/2021~~ 2/23/2021                    /s/ MARY HARRIS                    By: _____
*(Date)*                                   *(Signature of Clerk)*                 *(Name)*

☑ Certified Mail is hereby requested.          /s/
                                               *(Ple*

**RETURN**

☐ Return receipt of certified mail received in this office

☐ I certify that I personally delivered a copy of this Sum

_____ in
*(Name of Person Served)*

Alabama on _____
            *(Date)*

_____
*(Type of Process Server)*        *(Server's Signature)*

_____
                                  *(Server's Printed N*

**58-CV-202**
DEMETRIA CASTER V. REGIONAL

| C001 - DEMETRIA CASTER<br>*(Plaintiff)* | v. | D002 - EQUIFAX, INC.<br>*(Defendant)* |
|---|---|---|

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com*.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$
Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

7018 0360 0000 1780 8504

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2021-900092.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
### DEMETRIA CASTER V. REGIONAL ACCEPTANCE CORPORATION ET AL

**NOTICE TO:** REGIONAL ACCEPTANCE CORPORATION, C/O CT CORPORATION SYSTEM 2 N. JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DEMETRIA CASTER
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

~~02/18/2021~~ 2/23/21 _____ /s/ MARY HARRIS _____ By: _____
*(Date)* _____ *(Signature of Clerk)* _____ *(Name)*

☑ Certified Mail is hereby requested. _____ /s/ JO|
_____ *(Plaintiff|*

**RETURN ON**

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of this Summo|

_____ in
_____ *(Name of Person Served)*

Alabama on _____
_____ *(Date)*

_____
*(Type of Process Server)* _____ *(Server's Signature)*

_____
_____ *(Server's Printed Name)*

**58-CV-2021-9|**
DEMETRIA CASTER V. REGIONAL ACC|

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)       $ _____
☐ Return Receipt (electronic)     $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required        $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees
$
Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

| C001 - DEMETRIA CASTER | v. | D001 - REGIONAL ACCEPTANCE CORPORATION |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

**SERVICE RETURN COPY**

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse
so that we can return the card to you.

■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

REGIONAL ACCEPTANCE CORPORATION

C/O CT CORPORATION SYSTEM

2 N. JACKSON ST, STE 605

MONTGOMERY, AL, 36104

CV2021-900092.0001

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 5199 9122 1650 20

2. Article Number



7018 1830 0001 7010 8474

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Jennifer Lockwood

☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

MAR 0 2 2021

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

**USPS TRACKING #**

MONTGOMERY AL 360

4 MAR 2021 PM 3 L

9590 9402 5199 9122 1650 20

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

● Sender: Please print your name, address, and ZIP+4® in this box●

MARY HARRIS

CIRCUIT CLERK, SHELBY CO

P.O. BOX 1810

COLUMBIANA, AL 35051



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EXPERIAN INFORMATION SOLUTIONS, INC.

C/O CT CORPORATION SYSTEM

2 N. JACKSON ST, STE 605

MONTGOMERY, AL, 36104

CV 2021 - 900092 D003

9590 9402 5666 9308 0479 70

2. Article Number (Transfer f



7018 1830 0001 7010 8498

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Jennifer Lockwood*

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

MAR 0 2 2021

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



USPS TRACKING #

MONTGOMERY AL 360

4 MAR 2021 PM 3 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5666 9308 0479 70

**United States**
**Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box•

MARY HARRIS
CIRCUIT CLERK, SHELBY CO
P.O. BOX 1810
COLUMBIANA, AL 35051

51-181010



**SENDER:** *COMPLETE THIS SECTION*

*COMPLETE THIS SECTION ON DELIVERY*

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**

X

☑ Agent
☐ Addressee

**B.** Received by *(Printed Name)*

**C. Date of Delivery**

3-2-21

1. Article Addressed to:

TRANS UNION, LLC

C/O PRENTICE HALL CORP

641 SOUTH LAWRENCE STREET

MONTGOMERY, AL, 36104

**D.** Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No



CV 2024 - 900092 D004

9590 9402 5666 9308 0479 63

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7018 1830 0001 7010 8481

PS Form 3811, July 2015 PSN 7530-

Domestic Return Receipt

**USPS TRACKING #**

MONTGOMERY AL 360

9 MAR 2021 PM 3 L

**First-Class Mail**
**Postage & Fees Paid**
**USPS**
**Permit No. G-10**

9590 9402 5666 9308 0479 63

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

MARY HARRIS
CIRCUIT CLERK, SHELBY CO
P.O. BOX 1810
COLUMBIANA, AL 35051



**SENDER:** *COMPLETE THIS SECTION*

**COMPLETE THIS SECTION ON DELIVERY**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

3-2-21

1. Article Addressed to:

EQUIFAX, INC.

C/O PRENTICE HALL CORP

641 SOUTH LAWRENCE STREET

MONTGOMERY, AL, 36104

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV 2021- 900092 D002



9590 9402 5199 9122 1650 13

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7018 1830 0001 7010 8504

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**USPS TRACKING #**

MONTGOMERY AL 360

8 MAR 2021 PM 3 L

9590 9402 5199 9122 1650 13

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

MARY HARRIS
CIRCUIT CLERK, SHELBY CO
P.O. BOX 1810
COLUMBIANA, AL 35051

